IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| RACHEL CLARK, CHRISTOPHER GARRETSON, AMANDA SHARP BURKHOLDER, NICOLE HALLER NAVA, BRANDI O'HARA, ASHLEY FENTON PRICE, AND CHARLA BEAUMONT VIENS, INDIVIDUALLY AND AS NEXT FRIEND OF H.B., A MINOR | | PLAINTIFFS |
| v. | CASE NO. 2:17-CV-2091-TLB | |
| KURT KNICKREHM, RICHARD WEISS, DEBBIE WILLIAMS, DICK PICKARTS, NIKKOLE HURST, CAROL GILLIS, PATSY CHASE, ROBBIE MCKAY, AND LISA GARRETSON | | DEFENDANTS |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY SEPARATE
DEFENDANTS KURT KNICKREHM AND RICHARD WEISS**

The Court should dismiss the Complaint as asserted against two former directors of the Arkansas Department of Human Services for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Former DHS directors Kurt Knickrehm and Richard Weiss have sovereign immunity from suit in this case. In addition, the Complaint fails to state any viable claim against the Director Defendants. The Complaint fails to allege facts to support claims under either 42 U.S.C. § 1983 or 18 U.S.C. § 2255; vicarious and/or aider and abettor liability does not apply; and, in any event, Plaintiffs' claims are time-barred. For each and all of these reasons, the Court should dismiss the Complaint as asserted against the Director Defendants with prejudice under Fed.

R. Civ. P. 12(b)(1) and 12(b)(6). There is simply no valid basis to hold them liable for the criminal acts of a third party that occurred well over a decade ago.

## FACTUAL ALLEGATIONS

Plaintiffs filed this lawsuit on June 5, 2017, seeking to hold two former DHS directors, their former DHS caseworkers, and former foster parent Lisa Garretson liable for the sexual abuse they suffered between 1998 and 2004 while in the custody of Lisa and her husband, Clarence "Charlie" Garretson. (Doc. 1). According to the Complaint, DHS approved the Garretsons as foster parents in May 1998, before either Weiss or Knickrehm served as Director of the agency. Compl. ¶¶ 19, 23, 26. According to Plaintiffs, for several years following that approval, Charlie Garretson sexually assaulted at least 18 foster children in and around his home and in the 18-wheeler he drove as a long-haul truck driver. Compl. ¶¶ 20, 22.

Plaintiffs Rachel Clark, Christopher Garretson, Amanda Sharp Burkholder, Nicole Haller Nava, Brandi O'Hara, Ashley Fenton Price, and Charla Beaumont Viens are seven of the Garretsons' former foster children. The specific allegations of each of these Plaintiffs are as follows:

- DHS placed Plaintiff Rachel Clark in the Garretson home in September 1999, when she was 15 years old. Charlie sexually assaulted Rachel in 2001. Compl. ¶¶ 27, 52.

- Plaintiff Christopher Garretson, who is Rachel's natural brother, was also placed with the Garretsons in September 1999, when he was 9 years old. Charlie began to sexually assault Christopher in the summer of 2000. A few months later, in October 2000, the Garretsons adopted Christopher. Charlie's sexual assaults on Christopher continued for three years, until the summer of 2003. Compl. ¶¶ 27, 45-47.

- Plaintiff Amanda Sharp Burkholder was 13 years old when she was placed in the Garretson home in July 1998. Charlie began sexually assaulting Amanda in 2000, and the assaults continued to September 2002. Amanda also alleges that the Garretsons physically abused her. Separate Defendant Robbie McKay served as Amanda's caseworker and allegedly knew about the physical abuse. Compl. ¶¶ 24-25, 48-51.

- DHS placed Plaintiff Nicole Haller Nava with the Garretsons in 2000 at age 11. Charlie began to sexually assault Nicole shortly after placement in 2000, and the abuse continued until 2002. Separate Defendants Nikkole Hurst, Carol Gillis, and Patsy Chase served as Nicole's caseworkers, and Separate Defendant Dick Pickarts was their supervisor and the director of DHS's Logan County office. Plaintiffs allege that all of these defendants knew that Charlie was sexually assaulting Nicole. Compl. ¶¶ 37-41.

- Plaintiff Brandi O'Hara was 13 years old when DHS placed her with the Garretsons in January 2000. Charlie began to sexually assault Brandi in the summer of 2000, and the assaults allegedly occurred on a bi-weekly basis for five years. Separate Defendant Debbie Williams was Brandi's caseworker and allegedly knew that Brandi was denied prescription medication and was being sexually assaulted by Charlie. Compl. ¶¶ 31-32, 34, 42-44.

- DHS placed Plaintiff Ashley Fenton Price in the Garretson home in January 2000, when she was 13 years old. Charlie allegedly sexually assaulted Ashley over a period of two months in 2000. Compl. ¶¶ 28-30.

- DHS placed Plaintiff Charla Beaumont Viens in the Garretson home in 2000 at the age of 13. Separate Defendant Robbie McKay served as Charla's caseworker. According to Charla, the Garretsons "allowed non-foster children to stay in their home as well," and a relative of the Garretsons impregnated her in their home in late 2002. Charla gave birth to Plaintiff H.B., a minor, in September 2003. Charlie first sexually assaulted Charla in October 2003, and the abuse continued until 2004. Compl. ¶¶ 35-36, 53-55.

DHS revoked the Garretsons' foster status in 2004. Compl. ¶ 56.

The eighth Plaintiff, H.B., does not allege that she was ever in the care or custody of DHS or that she had any involvement whatsoever with either the

3

Director Defendants or the Caseworker Defendants. According to the Complaint, H.B.'s mother is Plaintiff Charla Beaumont Viens, who was one of Charlie's victims from 2003 to 2004. Compl. ¶¶ 54-55. The Complaint alleges that, ten years later, in July 2014, Charlie took 10-year-old H.B. on a "road trip" and raped her repeatedly. Compl. ¶ 57. H.B. reported her abuse to authorities, which resulted in Charlie's arrest and conviction. Compl. ¶¶ 58-59. In 2016, Charlie pled guilty to multiple counts of interstate transportation of minors with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423, and he is currently serving life in prison for his crimes. Compl. ¶¶ 60-61.

In this lawsuit, Plaintiffs seek to recover compensatory and punitive damages, attorneys' fees, and costs from all defendants under 42 U.S.C. § 1983 and 18 U.S.C. § 2255. Plaintiffs also assert state-law negligence claims against the Caseworker Defendants and Lisa Garretson.

## **STANDARD OF REVIEW**

Rule 8 of the Federal Rules of Civil Procedure states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure states that defenses may be made by motion for "failure to state a claim upon which relief can be granted." When analyzing a 12(b)(6) motion, the complaint's factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (citing *Gordon v. Hansen*, 168

F.3d 1109, 1113 (8th Cir. 1999)). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Id.* (quoting *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

An "important mechanism for weeding out meritless claims [is a] motion to dismiss for failure to state a claim." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating a motion to dismiss, a district court should employ a two-pronged approach. First, the court should identify and set aside "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, the court should assume the veracity of the "well-pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The court should dismiss a complaint if the plaintiff has failed to "nudge[] [his] claims" of unlawful conduct "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In other words, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to "show[] that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2) and must be dismissed. *Iqbal*, 556 U.S. at 679. Similarly, a court should dismiss when, based on the plaintiff's own allegations, he has no cognizable claims. "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## **DISCUSSION**

The Plaintiffs in this case seek to hold two former Directors of the Arkansas Department of Human Services, among others, responsible for the criminal acts of a third party who is currently spending the rest of his life in jail for his horrific conduct. Plaintiffs' allegations do not show that the Director Defendants had any involvement whatsoever in the adult Plaintiffs' foster care placements or that they had any personal knowledge of any of the facts alleged in the Complaint. And there are ***no allegations*** in the Complaint connecting the Director Defendants (or any of the DHS Defendants, for that matter) to the crime perpetrated against minor H.B. in 2014, some 10 years after the Garretsons' DHS foster status was revoked. This federal lawsuit for money damages against the Director Defendants is barred by the

6

doctrine of sovereign immunity and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1). The Complaint also fails to assert any valid claims against the Director Defendants and should be dismissed under Fed. R. Civ. P. 12(b)(6).

I.  **THE DIRECTOR DEFENDANTS HAVE SOVEREIGN IMMUNITY FROM SUIT.**

All of the claims asserted against the Director Defendants in this case are barred by the doctrine of sovereign immunity. Neither states nor state officials or employees acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). In *Will*, the United States Supreme Court reasoned that a state official is, in effect, acting on behalf of the state and, therefore, is immune from liability under the Eleventh Amendment to the Constitution. *Id*. at 66. The Court explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…. As such, it is not different from a suit against the state itself." *Id*. at 71; *see also Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

The doctrine of sovereign immunity deprives federal courts of jurisdiction over suits against states and their agencies, boards, commissions and other "alter egos" of the state, unless the state has waived its immunity or Congress has abrogated that immunity pursuant to a valid exercise of Congressional power. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-55 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, sovereign immunity is a jurisdictional bar that generally applies regardless of the relief sought. *Pennhurst*,

465 U.S. at 100-01. The State of Arkansas and its agencies and officials have not consented to suit in federal court, *see Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991), and Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983 or 18 U.S.C. § 2255. *See Will*, 491 U.S. at 66. Accordingly, all of Plaintiffs' claims against Richard Weiss and Kurt Knickrehm should be dismissed with prejudice.

Plaintiffs may argue in response to this motion that they intended to sue the Director Defendants in their individual capacities. But where, as here, the plaintiff's complaint is silent about the capacity in which he is suing a public official, then the Court interprets the complaint "as including only official-capacity claims." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). In other words, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker*, 501 F.3d at 923 (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178 (8th Cir. 1998)).

The Complaint here is silent about the capacity in which Plaintiffs are suing the Director Defendants. But the allegations in Plaintiffs' Complaint make clear that their claims against the Director Defendants are based entirely on actions they purportedly took (or failed to take) while they were performing their jobs as Director of the DHS between 1998 and 2004. *See, e.g.*, Compl. ¶¶ 20-21. The ***only*** factual allegations asserted against the Director Defendants in the Complaint are that Defendant Weiss allegedly became Interim Director of DHS in July 1998—

8

*after* DHS had approved the Garretsons as foster parents in May 1998—and that Defendant Knickrehm became Director in January 1999.  Compl. ¶¶ 19, 23, 26. Nowhere in the Complaint do Plaintiffs specifically name the Director Defendants in their individual capacities.  The Court must, therefore, presume that the Director Defendants are sued only in their official capacities, and dismiss all claims asserted against them because they are barred by sovereign immunity.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even if the Complaint specifically asserted claims against the Director Defendants in their individual capacities (and it does not), those claims would nevertheless fail as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### A. The Complaint Fails to Allege Facts To Support a Plausible Claim Against the Director Defendants.

As detailed above, the Complaint does not allege *any* facts against the former DHS Directors to show that they had any involvement in, or knowledge of, the circumstances giving rise to this lawsuit.  As described above, the Complaint only alleges that these defendants held the position as Director of the state agency that is responsible for foster-care placements.  Those scant allegations do not state a plausible claim that the Director Defendants are liable for the conduct alleged in the Complaint, and the Court should therefore dismiss the Complaint as asserted against the Director Defendants under Fed. R. Civ. P. 12(b)(6).

*1. The Director Defendants Are Not Vicariously Liable Under § 1983.*

Reading between the lines, it appears that Plaintiffs seek to hold the Director Defendants liable for the actions of other DHS employees. But as a matter of law, a supervisor is not vicariously liable under § 1983 for an employee's alleged unconstitutional activity. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. *White*, 21 F.3d at 280; *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate*, 7 F.3d at 1374. "Indeed, deliberate indifference requires the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990)).

There are no allegations in the Plaintiffs' Complaint that, if true, would demonstrate that the Director Defendants were personally involved in the alleged constitutional violation or that the Director Defendants were deliberately indifferent toward the alleged violation. In fact, there are no factual allegations that would establish that the Director Defendants even knew about any of the events and circumstances alleged in the Complaint. Accordingly, the § 1983 claim asserted against the Director Defendants based on their supervisory roles as former Directors of DHS fail as a matter of law, and Count 1 of the Complaint as asserted against them should be dismissed.

### *2. The Complaint Alleges No Facts To Establish Liability Under 18 U.S.C. § 2255.*

The Complaint also fails to allege any facts that would support a plausible claim against the Director Defendants under 18 U.S.C. § 2255. That statute provides a civil remedy for any person who, while a minor, was the victim of a violation of a number of federal statutes prohibiting the sexual exploitation and abuse of children, including the two predicate statutes that Plaintiffs allege Charlie Garretson violated, 18 U.S.C. §§ 2422 and 2423. *See* Compl. ¶¶ 80-82. Plaintiffs allege that the Director Defendants should be liable for "facilitating, aiding and/or abetting these offenses" under 18 U.S.C. § 2. But Plaintiffs have not alleged any facts to show that the Director Defendants could possibly be held liable for the criminal offense of aiding and abetting under 18 U.S.C. § 2.

To establish the offense of criminal aiding and abetting, Plaintiffs must allege facts to show that: (1) the substantive offense has been committed; (2) the defendant knew the offense was being committed and took an affirmative act in furtherance of that offense; and (3) the defendant acted with the intent to facilitate the offense's commission. *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014); *United States v. Cartwright*, 359 F.3d 281, 287 (3d Cir. 2004); *United States v. Wright*, 459 F.2d 65, 67 (8th Cir. 1972). In order to aid or abet, the defendant must "willfully and knowingly associate[] himself in some way with the crime, and . . . seek[] by some act to help make the crime succeed." *Rosemond*, 134 S. Ct. at 1244; *see also United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974) (in order to be liable as an aider or abettor, the defendant must have participated in the

substantive crime with the desire that the crime be accomplished; unknowing participation is not sufficient to constitute an offense under the aiding and abetting statute). "[A]cting with intent to facilitate the substantive offense requires that one acted with the 'intent to help those involved with a *certain* crime.'" *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991) (citation omitted). "Indeed, the state of mind required for conviction as an aider and abettor is the same state of mind as required for the principal offense." *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007) (quoting *United States v. Centner,* 116 F.3d 473 (Table), 1997 WL 328766, at *2 (4th Cir.1997); *United States v. Loder,* 23 F.3d 586, 591 (1st Cir. 1994); *United States v. Valencia,* 907 F.2d 671, 680 (7th Cir.1990); *United States v. Gallishaw,* 428 F.2d 760 (2d Cir.1970)) (internal quotations omitted).

     Here, even assuming that the Complaint alleges facts that would establish that Charlie Garretson committed the listed offenses, there are no facts alleged to support a finding that the second and third elements of the aiding and abetting offense are satisfied. The Complaint does not allege facts to establish that the Director Defendants even had reason to suspect that Charlie was sexually abusing the Plaintiffs, let alone actual knowledge of the abuse. But even if it did, there would still be no reason to conclude that the Director Defendants consciously shared Charlie's knowledge of the underlying substantive offenses, as well as the specific criminal intent to commit them. *See Loder*, 23 F.3d at 591; *Liberatore*, 478 F. Supp. 2d at 756. There are similarly no allegations to show that the Director Defendants desired that Charlie's crimes be accomplished, or that they actively participated in

some manner to assist Charlie in the commission of his offenses. *See Liberatore*, 478 F. Supp. 2d at 757. As such, the Complaint wholly fails to state a claim against the Director Defendants for aiding and abetting a violation of 18 U.S.C. § 2255, and the Court should dismiss Count 2 as a result.

**B.     The Claims Of Plaintiffs Clark, Garretson, Burkholder, Nava, O'Hara, Price, And Viens Are Time-Barred.**

In addition to the foregoing reasons, the Court should dismiss with prejudice the claims of Plaintiffs Clark, Garretson, Burkholder, Nava, O'Hara, Price, and Viens against the Director Defendants because they are time-barred on the face of the Complaint.

*1. The Section 1983 Claim Is Time-Barred.*

The applicable state law statute of limitations governs § 1983 claims. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). In Arkansas, § 1983 claims are subject to a three-year statute of limitations. *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007). Although federal law looks to state law to determine the *length* of the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The Supreme Court has explained that a cause of action under § 1983 accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S. at 388 (quoting *Bar Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997)). In other words, the cause of action accrues when

13

"the plaintiff can file suit and obtain relief." *Id*. As the Fifth and Eleventh Circuit Courts of Appeals have explained, a § 1983 claim accrues, and the statute of limitations begins to run, when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Similarly, in *Collyer v. Darling*, the Sixth Circuit held that, under federal law, a § 1983 claim accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." 98 F.3d 211, 220 (6th Cir. 1996); *see also Baker v. Bd. of Regent of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (under the federal accrual rule, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue") (internal citations omitted); *Burns v. Town of Lamoine*, 43 F. Supp. 2d 63, 68-69 (D. Me. 1999) (the fact that the plaintiff was unaware that her injury gave rise to a claim for relief is irrelevant; "There is no federal accrual doctrine or 'discovery rule' that tolls the statute of limitations where a plaintiff was aware of his injury, but unaware of a potential legal theory.").

According to the Complaint here, the Plaintiffs were minors when the acts giving rise to their cause of action occurred. A minor's cause of action is tolled until he or she reaches the age of eighteen (18). *Wallace*, 549 U.S. at 388; *see also* Ark. Code Ann. § 9-25-101 (providing that the age of majority in Arkansas is eighteen (18)). As detailed in the Facts section above, Plaintiffs Clark, Garretson,

Burkholder, Nava, O'Hara, Price, and Viens filed their § 1983 claim action ***at least*** 17 years after DHS placed them in foster care with the Garretsons, ***at least*** 13 years after Charlie's abuse had occurred, and ***at least*** 9 years after they attained the age of 18 years old.  The allegations in the Complaint confirm that Plaintiffs are now between the ages of 27 and 33 years old.  Because the facts alleged in the Complaint demonstrate that each of the Plaintiffs turned 18 more than three years before they filed suit, the Court should conclude that their § 1983 claim is time-barred.

Apparently recognizing their limitations problem, Plaintiffs allege that they only "began to understand the inappropriate nature of their relations with Charlie" after his arrest and guilty plea in 2016.  Compl. ¶ 62.  Plaintiffs also make the conclusory allegation that, "following Charlie's arrest and guilty plea, Plaintiffs discovered their injuries and the effects of their abuse."  Compl. ¶ 62.  The Court should hold that these conclusory allegations, unsupported by any facts, are not sufficient to toll the statute of limitations in this case to 2016.  The Complaint makes clear that Plaintiffs were well aware of Charlie's sexual abuse when it occurred in the late 1990s and early 2000s.  Thus, the *facts* that would support a cause of action were apparent (or should have been apparent) to the Plaintiffs no later than 2004, when DHS revoked the Garretsons' foster status.  Indeed, the Complaint affirmatively alleges that several victims reported the abuse to authorities before that time.  *See* Compl. ¶ 21.

15

Plaintiffs' group allegation about their alleged collective discovery of their injuries in 2016 is wholly conclusory in nature. The Court should decline to toll the statute of limitation beyond their 21st birthdays and find that their § 1983 claim is time-barred. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Doe v. Doe*, 973 F.2d 237, 240 (4th Cir. 1992) (holding, in a case filed by a 37-year-old woman for sexual abuse she suffered as a minor, which allegedly caused her to have latent psychological problems, that the three-year limitations period began to run when the victim reached the age of 18, not when she discovered the connection between her abuse and her present-day psychological problems).

### 2. The Section 2255 Claim Is Time-Barred.

Plaintiffs' claim under 18 U.S.C. § 2255 is subject to a different limitations period but is also time-barred. By federal statute, § 2255 claims are barred unless the complaint is filed within ten years after the right of action first accrues or, in the case of a person under a legal disability, not later than three years after the disability. *See* 18 U.S.C. § 2255(b). In other words, the cause of action expires after ten years if, at the end of that ten-year period, a plaintiff is over eighteen (18). However, if a plaintiff is still a minor after the ten (10) years have passed, the cause expires when plaintiff turns twenty-one (21). *Doe v. Schneider*, 667 F. Supp. 2d 524, 530 (E.D. Pa. 2009).

A cause of action under § 2255 accrues when the abuse occurs, not when the plaintiff discovers latent psychological or emotional injuries allegedly caused by the

16

abuse. *See id.* at 530 (denying motion to dismiss § 2255 claim when the complaint alleged that "illicit conduct" occurred within the limitations period); *Singleton v. Clash*, 951 F. Supp. 2d 578, 585-87 (S.D.N.Y. 2013) (rejecting argument that the limitations period under § 2255 should be tolled until the plaintiffs allegedly became aware of the connection between their injuries and the defendant's conduct because the "plain text of Section 2255 evidences congressional intent that the discovery rule should not apply"); *Stephens v. Clash*, 796 F.3d 281 (3d Cir. 2015) (holding that action under § 2255 brought 11 years after minor's sexual relationship with an adult began, and more than three years after he turned 18, was untimely despite the plaintiff's allegation that he only recently became aware of latent psychological or emotional injuries).

Here, on Plaintiffs' own allegations detailed above, their rights of action first accrued between 2000 and 2003, which is the time frame they allege that Charlie first started abusing them. Section 2255(b)'s ten-year limitations period thus expired, at the very latest, in 2013. And Plaintiffs' allegations confirm that it has been more than three years since they attained the age of 18. Indeed, these Plaintiffs are now between the ages of 27 and 33 according to their allegations in their Complaint. Accordingly, Plaintiffs' claim under § 2255 is time-barred and should be dismissed.

## CONCLUSION

The Director Defendants have sovereign immunity from suit in this case and, in any event, the Complaint fails to state a valid claim against them. Not only does

the Complaint fail to allege any facts that would establish liability on the part of the Director Defendants, but it also affirmatively establishes that both of their claims as asserted against the Directors are time-barred. The Court should therefore dismiss the Complaint as asserted against the Director Defendants with prejudice.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

By:   */s/ Jennifer L. Merritt*
        Jennifer L. Merritt (Ark. Bar No. 2002148)
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone: (501) 682-1319
        Fax:    (501) 682-2591
        Email: Jennifer.Merritt@ArkansasAG.gov

        *Attorneys for Separate Defendants*
        *Knickrehm, Weiss, Geels, and McKay*

## CERTIFICATE OF SERVICE

I, Jennifer L. Merritt, do hereby certify that on this 30th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which shall send notification of the filing to any participants.

        */s/ Jennifer L. Merritt*
        Jennifer L. Merritt