## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

RACHEL CLARK, CHRISTOPHER GARRETSON,
AMANDA SHARP BURKHOLDER, NICOLE
HALLER NAVA, BRANDI O'HARA, ASHLEY
FENTON PRICE, AND CHARLA BEAUMONT
VIENS, INDIVIDUALLY AND AS NEXT FRIEND
OF H.B., A MINOR                                                           **PLAINTIFFS**

v.                          **CASE NO. 2:17-CV-2091-TLB**

KURT KNICKREHM, RICHARD WEISS,
DEBBIE WILLIAMS, DICK PICKARTS,
NIKKOLE HURST, CAROL GILLIS,
PATSY CHASE, ROBBIE MCKAY, AND
LISA GARRETSON                                                            **DEFENDANTS**

### BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS BY
### SEPARATE DEFENDANTS CAROL GEELS AND ROBERTA MCKAY

Separate Defendants Carol Geels (erroneously named as "Gillis" in the
Complaint) and Roberta "Robbie" McKay (collectively, the "Caseworker
Defendants") respectfully submit this brief in support of their amended motion to
dismiss. Like the Director Defendants,[1] the Caseworker Defendants have sovereign
immunity from suit in this case, and the Complaint also fails to state any viable
claim against them. While Plaintiffs assert one additional claim against the
Caseworker Defendants that they did not assert against the Director Defendants, a
claim for negligence *per se*, that claim, in addition to being barred by sovereign
immunity, is also barred as a matter of law for numerous other reasons. The Court

---

[1] Caseworker Defendants adopt and incorporate by reference the motion to
dismiss and brief in support (Docs. 12 & 13) filed by the Director Defendants
pursuant to Fed. R. Civ. P. 10(c).

should dismiss the Complaint as asserted against the Caseworker Defendants with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  There is simply no valid basis to hold them liable for the criminal acts of a third party that occurred almost 20 years ago.

## FACTUAL ALLEGATIONS

Plaintiffs filed this lawsuit on June 5, 2017, seeking to hold two former DHS directors, their former DHS caseworkers, and former foster parent Lisa Garretson liable for the sexual abuse they suffered between 1998 and 2004 while in the custody of Lisa and her husband, Clarence "Charlie" Garretson.  (Doc. 1). According to the Complaint, DHS approved the Garretsons as foster parents in May 1998.  Compl. ¶¶ 19, 23, 26.  According to Plaintiffs, for several years following that approval, Charlie Garretson sexually assaulted at least 18 foster children in and around his home and in the 18-wheeler he drove as a long-haul truck driver. Compl. ¶¶ 20, 22.

Plaintiffs Rachel Clark, Christopher Garretson, Amanda Sharp Burkholder, Nicole Haller Nava, Brandi O'Hara, Ashley Fenton Price, and Charla Beaumont Viens are seven of the Garretsons' former foster children.  The specific allegations of each of these Plaintiffs are as follows:

- DHS placed Plaintiff Rachel Clark in the Garretson home in September 1999, when she was 15 years old.  Charlie sexually assaulted Rachel in 2001.  Compl. ¶¶ 27, 52.

- Plaintiff Christopher Garretson, who is Rachel's natural brother, was also placed with the Garretsons in September 1999, when he was 9 years old.  Charlie began to sexually assault Christopher in the summer of 2000.  A few months later, in October 2000, the Garretsons

2

adopted Christopher. Charlie's sexual assaults on Christopher continued for three years, until the summer of 2003. Compl. ¶¶ 27, 45-47.

- Plaintiff Amanda Sharp Burkholder was 13 years old when she was placed in the Garretson home in July 1998. Charlie began sexually assaulting Amanda in 2000, and the assaults continued to September 2002. Amanda also alleges that the Garretsons physically abused her. Separate Defendant Robbie McKay served as Amanda's caseworker and allegedly knew about the physical abuse. Compl. ¶¶ 24-25, 48-51.

- DHS placed Plaintiff Nicole Haller Nava with the Garretsons in 2000 at age 11. Charlie began to sexually assault Nicole shortly after placement in 2000, and the abuse continued until 2002. Separate Defendants Nikkole Hurst, Carol Gillis, and Patsy Chase served as Nicole's caseworkers, and Separate Defendant Dick Pickarts was their supervisor and the director of DHS's Logan County office. Plaintiffs allege that all of these defendants knew that Charlie was sexually assaulting Nicole. Compl. ¶¶ 37-41.

- Plaintiff Brandi O'Hara was 13 years old when DHS placed her with the Garretsons in January 2000. Charlie began to sexually assault Brandi in the summer of 2000, and the assaults allegedly occurred on a bi-weekly basis for five years. Separate Defendant Debbie Williams was Brandi's caseworker and allegedly knew that Brandi was denied prescription medication and was being sexually assaulted by Charlie. Compl. ¶¶ 31-32, 34, 42-44.

- DHS placed Plaintiff Ashley Fenton Price in the Garretson home in January 2000, when she was 13 years old. Charlie allegedly sexually assaulted Ashley over a period of two months in 2000. Compl. ¶¶ 28-30.

- DHS placed Plaintiff Charla Beaumont Viens in the Garretson home in 2000 at the age of 13. Separate Defendant Robbie McKay served as Charla's caseworker. According to Charla, the Garretsons "allowed non-foster children to stay in their home as well," and a relative of the Garretsons impregnated her in their home in late 2002. Charla gave birth to Plaintiff H.B., a minor, in September 2003. Charlie first sexually assaulted Charla in October 2003, and the abuse continued until 2004. Compl. ¶¶ 35-36, 53-55.

DHS revoked the Garretsons' foster status in 2004. Compl. ¶ 56.

3

The eighth Plaintiff, H.B., does not allege that she was ever in the care or custody of DHS or that she had any involvement whatsoever with either the Director Defendants or the Caseworker Defendants.  According to the Complaint, H.B.'s mother is Plaintiff Charla Beaumont Viens, who was one of Charlie's victims from 2003 to 2004.  Compl. ¶¶ 54-55.  The Complaint alleges that, ten years later, in July 2014, Charlie took 10-year-old H.B. on a "road trip" and raped her repeatedly.  Compl. ¶ 57.  H.B. reported her abuse to authorities, which resulted in Charlie's arrest and conviction.  Compl. ¶¶ 58-59.  In 2016, Charlie pled guilty to multiple counts of interstate transportation of minors with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423, and he is currently serving life in prison for his crimes.  Compl. ¶¶ 60-61.

In this lawsuit, Plaintiffs seek to recover compensatory and punitive damages, attorneys' fees, and costs from all defendants under 42 U.S.C. § 1983 and 18 U.S.C. § 2255.  Plaintiffs also assert a state-law negligence *per se* claim against the Caseworker Defendants.

### STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure states that defenses may be made by motion for "failure to state a claim upon which relief can be granted."  When analyzing a 12(b)(6) motion, the complaint's factual allegations are accepted as true

and viewed in the light most favorable to the plaintiff. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (citing *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999)).  "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Id.* (quoting *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

An "important mechanism for weeding out meritless claims [is a] motion to dismiss for failure to state a claim." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  In evaluating a motion to dismiss, a district court should employ a two-pronged approach.  First, the court should identify and set aside "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Second, the court should

assume the veracity of the "well-pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The court should dismiss a complaint if the plaintiff has failed to "nudge[] [his] claims" of unlawful conduct "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  In other words, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to "show[] that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2) and must be dismissed.  *Iqbal*, 556 U.S. at 679.  Similarly, a court should dismiss when, based on the plaintiff's own allegations, he has no cognizable claims.  "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## DISCUSSION

The Plaintiffs in this case seek to hold two caseworkers employed by the Arkansas Department of Human Services, among others, responsible for the criminal acts of a third party who is currently spending the rest of his life in jail for his horrific conduct.  This federal lawsuit for money damages against the Caseworker Defendants is barred by the doctrine of sovereign immunity and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1).  The Complaint also fails to assert any valid claims against the Caseworker Defendants and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## I.   THE CASEWORKER DEFENDANTS HAVE SOVEREIGN AND STATUTORY IMMUNITY FROM SUIT IN THIS MATTER.

Just like the Director Defendants, all of the claims asserted against the Caseworker Defendants in this case are barred by the doctrine of sovereign immunity.   Neither states nor state officials or employees acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).   In *Will*, the United States Supreme Court reasoned that a state official is, in effect, acting on behalf of the state and, therefore, is immune from liability under the Eleventh Amendment to the Constitution.   *Id.* at 66.   The Court explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…. As such, it is not different from a suit against the state itself."   *Id.* at 71; *see also Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

The doctrine of sovereign immunity deprives federal courts of jurisdiction over suits against states and their agencies, boards, commissions and other "alter egos" of the state, unless the state has waived its immunity or Congress has abrogated that immunity pursuant to a valid exercise of Congressional power.   *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-55 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).   In addition, sovereign immunity is a jurisdictional bar that generally applies regardless of the relief sought.   *Pennhurst*, 465 U.S. at 100-01.   The State of Arkansas and its agencies and officials have not consented to suit in federal court, *see Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991), and Congress did not abrogate the states' sovereign immunity when it

7

enacted 42 U.S.C. § 1983 or 18 U.S.C. § 2255.  *See Will*, 491 U.S. at 66.  And the state-law tort claim is similarly barred by Article 5, section 20 of the Arkansas Constitution and Ark. Code Ann. § 21-9-301, which gives state employees like the Caseworker Defendants absolute immunity from state-law tort claims.  Accordingly, all of Plaintiffs' claims against Carol Geels and Roberta "Robbie" McKay should be dismissed with prejudice.

Plaintiffs may argue in response that they intended to sue the Caseworker Defendants in their individual capacities.  But where, as here, the plaintiff's complaint is silent about the capacity in which he is suing a public official, then the Court interprets the complaint "as including only official-capacity claims."  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)).  In other words, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."  *Baker*, 501 F.3d at 923 (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178 (8th Cir. 1998)).

The Complaint here is silent about the capacity in which Plaintiffs are suing the Caseworker Defendants.  But the allegations in Plaintiffs' Complaint make clear that their claims against the Caseworker Defendants are based entirely on actions they purportedly took (or failed to take) while they were performing their jobs as DHS caseworkers between 1998 and 2004.  *See, e.g.*, Compl. ¶¶ 25, 38, 40, 51.  Indeed, Plaintiffs affirmatively state that the Caseworker Defendants may be served with process at their principal place of business at the Logan County and

Sebastian County DHS offices, tacitly conceding that these defendants are being sued in their official capacities as DHS employees.  Compl. ¶¶ 13 & 15.  Nowhere in the Complaint do Plaintiffs specifically name the Caseworker Defendants in their individual capacities.  The Court must, therefore, presume that the Caseworker Defendants are sued only in their official capacities, and dismiss all claims because they are barred by sovereign immunity.

In addition, even if the Complaint had attempted to state a claim against the Caseworker Defendants in their individual capacities for negligence under Arkansas law (and it does not), these state employees have statutory immunity from any such claims.  Arkansas law provides that "[o]fficers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." Ark. Code Ann. § 19-10-305(a).  The Arkansas Supreme Court has defined malice as "an intent and disposition to do a wrongful act greatly injurious to another[,]" and "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. . . .  A conscious violation of the law . . . which operates to the prejudice of another person.  A condition of the mind showing a heart . . . fatally bent on mischief."  *Fuqua v. Flowers*, 341 Ark. 901, 905-06, 20 S.W.3d 388, 391 (2000) (citations and internal quotation marks omitted); *see also Simons v. Marshall*, 369 Ark. 447, 452-53, 255 S.W.3d 838, 842-43 (2007) (same).  "[A] bare allegation of

willful and wanton conduct will not suffice to prove malice." *Simons*, 369 Ark. at 453, 255 S.W.3d at 843 (citation omitted).

Here, the Court should dismiss any individual-capacity state-law claims against the Caseworker Defendants.   Plaintiffs fail to allege any facts demonstrating that these Defendants acted either with malice or outside the course and scope of their employment.   Indeed, Plaintiffs affirmatively allege that the caseworkers were acting within the scope of their employment and that they were, at most, negligent. Because Plaintiffs fail to make any allegations of malicious conduct on the part of the Caseworker Defendants, the Court should hold that they are immune from any individual-capacity state-law claims as a matter of law.

For each and all of these reasons, the Court should find that the Caseworker Defendants have sovereign and statutory immunity from both liability and from suit and dismiss the Complaint as asserted against them in its entirety under Fed. R. Civ. P. 12(b)(1).

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even if the Complaint specifically asserted claims against the Caseworker Defendants in their individual capacities (and it does not), those claims would nevertheless fail as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

A.   **The Complaint Fails to Allege Facts To Support a Plausible Claim Against the Caseworker Defendants.**

1.   *The Caseworker Defendants Are Not Liable Under § 1983.*

As a matter of law, the Caseworker Defendants are not vicariously liable under § 1983 for the alleged unconstitutional activity of other defendants or third parties. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994).  A person incurs liability only when personally involved in the constitutional violation or when corrective inaction constitutes deliberate indifference toward the violation.  *White*, 21 F.3d at 280; *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate*, 7 F.3d at 1374. "Indeed, deliberate indifference requires the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990)).

There are no allegations in the Plaintiffs' Complaint that, if true, would demonstrate that the Caseworker Defendants were personally involved in the alleged constitutional violations involving all eight of the Plaintiffs or that the Caseworker Defendants were deliberately indifferent toward the alleged violations. In fact, there are no factual allegations that would establish that the Caseworker Defendants even knew about most of the events and circumstances alleged in the Complaint.  At most, these Defendants allegedly had some relevant knowledge regarding *two* of the Plaintiffs (Nava and Burkholder).  *See* Compl. ¶¶ 40 (alleging that Geels had actual knowledge of Charlie Garretson's sexual assault of Plaintiff Nicole Haller Nava) & 51 (alleging that McKay had actual knowledge that Plaintiff

11

Amanda Sharp Burkholder "was physically abused in her foster home"). But these allegations, at most, may state a claim on behalf of those particular Plaintiffs against their own former caseworker; they certainly do not state a claim on behalf of the other Plaintiffs, who fail to allege that they had any involvement whatsoever with these Defendants, or against all of the caseworkers as a group.

Moreover, these allegations, even if true, do not establish a viable claim under § 1983. Plaintiffs have the burden of pleading facts to establish that their alleged injuries and damages were proximately caused by the allegedly unconstitutional acts of the Caseworker Defendants. *Brown v. United States*, 342 F. Supp. 987 (E.D. Ark. 1972), *aff'd in relevant part*, 486 F.2d 284, 286 (8th Cir. 1973). But there is nothing in the Complaint to establish proximate causation, and the Plaintiffs' conclusory allegations in that regard do not suffice. *See infra* Part II.A.3. Accordingly, the § 1983 claim asserted the Caseworker Defendants fails as a matter of law, and Count 1 of the Complaint as asserted against them should be dismissed.

### 2. The Complaint Alleges No Facts To Establish Liability Under 18 U.S.C. § 2255.

The Complaint also fails to allege any facts that would support a plausible claim against the Caseworker Defendants under 18 U.S.C. § 2255. That statute provides a civil remedy for any person who, while a minor, was the victim of a violation of a number of federal statutes prohibiting the sexual exploitation and abuse of children, including the two predicate statutes that Plaintiffs allege Charlie Garretson violated, 18 U.S.C. §§ 2422 and 2423. *See* Compl. ¶¶ 80-82. Plaintiffs allege that the Caseworker Defendants should be liable for "facilitating, aiding

and/or abetting these offenses" under 18 U.S.C. § 2.  But Plaintiffs have not alleged any facts to show that the Caseworker Defendants could possibly be held liable for the criminal offense of aiding and abetting under 18 U.S.C. § 2.

To establish the offense of criminal aiding and abetting, Plaintiffs must allege facts to show that: (1) the substantive offense has been committed; (2) the defendant knew the offense was being committed; and (3) the defendant acted with the intent to facilitate it.  *United States v. Cartwright*, 359 F.3d 281, 287 (3d Cir. 2004); *see also United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974) (in order to be liable as an aider or abettor, the defendant must have participated in the substantive crime with the desire that the crime be accomplished; unknowing participation is not sufficient to constitute an offense under the aiding and abetting statute).  "[A]cting with intent to facilitate the substantive offense requires that one acted with the 'intent to help those involved with a *certain* crime.'"  *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991) (citation omitted).  "Indeed, the state of mind required for conviction as an aider and abettor is the same state of mind as required for the principal offense."  *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007) (quoting *United States v. Centner,* 116 F.3d 473 (Table), 1997 WL 328766, at *2 (4th Cir.1997); *United States v. Loder,* 23 F.3d 586, 591 (1st Cir.1994); *United States v. Valencia,* 907 F.2d 671, 680 (7th Cir.1990); *United States v. Gallishaw,* 428 F.2d 760 (2d Cir.1970)) (internal quotations omitted).

Here, even assuming that the Complaint alleges facts that would establish that Charlie Garretson committed the listed offenses, there are no facts alleged to

support a finding that the second and third elements of the aiding and abetting offense are satisfied.  The Complaint does not even allege facts to establish that the Caseworker Defendants even had reason to suspect that Charlie was sexually abusing the vast majority of the Plaintiffs, let alone that the Caseworker Defendants had actual knowledge of the abuse.  But even if it did, there would still be no reason to conclude that the Director Defendants consciously shared Charlie's knowledge of the underlying substantive offenses, as well as the specific criminal intent to commit them.  *See Loder*, 23 F.3d at 591; *Liberatore*, 478 F. Supp. 2d at 756.  There are similarly no allegations to show that the Caseworker Defendants desired that Charlie's crimes be accomplished, or that they actively participated in some manner to assist Charlie in the commission of his offenses.  *See Liberatore*, 478 F. Supp. 2d at 757.  As such, the Complaint wholly fails to state a claim against the Caseworker Defendants for aiding and abetting a violation of 18 U.S.C. § 2255, and the Court should dismiss Count 2 as a result.

### 3.  *The Complaint Fails To State a Claim for Negligence* Per Se.

The Complaint fails to state a claim against the Caseworker Defendants for negligence *per se* for several reasons.  First, and most importantly, Arkansas does not recognize a cause of action for negligence *per se*. The Arkansas Supreme Court has repeatedly held that a violation of a state statute does not constitute negligence *per se*, but is only evidence of negligence. *See, e.g.*, *Central Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, at 17, 400 S.W.3d 701, 712 (2012); *Young v. Dodson*, 239 Ark. 143, 148-49, 388 S.W.2d 94, 98 (1965); *Kendrick v. Rankin*, 219

14

Ark. 736, 739, 244 S.W.2d 495, 496 (1951). For this reason alone, the Court should dismiss the negligence *per se* claim asserted against the Caseworker Defendants in Count 3 of the Complaint under Fed. R. Civ. P. 12(b)(6).

Second, even if the Court were to construe the Complaint liberally as attempting to state a negligence claim against the Caseworker Defendants, Count 3 should still be dismissed under Fed. R. Civ. P. 12(b)(6). In order to state a claim for negligence, the Complaint must allege facts showing that Geels and McKay owed a duty to each of the Plaintiffs, the duty was breached, and that the breach of duty was the proximate cause of their damages. *See Marlar v. Daniel*, 368 Ark. 505, 508, 4247 S.W.3d 473, 476 (2007); *Mangrum v. Pigue*, 359 Ark. 373, 383, 198 S.W.3d 496, 501 (2004). The Plaintiffs do not meet their burden.

Six of the Plaintiffs (Clark, Garretson, O'Hara, Price, Viens, and H.B., a minor) do not allege facts showing that Geels or McKay owed them a duty under the Child Maltreatment Act or otherwise. *See* Compl. ¶¶ 86-93. The Complaint does not allege facts to show that either Geels or McKay even knew these Plaintiffs, let alone that they had reasonable cause to suspect that any of these Plaintiffs were being abused that would give rise to a duty to report under Ark. Code Ann. § 12-18-402.

In addition, the Complaint fails to allege facts to establish another essential element of a negligence claim, proximate causation. Plaintiffs' claims that their damages stemming from their childhood sexual abuse by Charlie Garretson were proximately caused by Geels's and McKay's alleged failure to notify the Child Abuse Hotline of suspected abuse of two of the Plaintiffs (Burkholder and Nava) is

speculative and does not state a claim. This is especially true of Plaintiff H.B., who does not appear to have had any involvement whatsoever with either of the Caseworker Defendants.

For each of these reasons, the Court should hold that the Complaint fails to state a claim against the Caseworker Defendants for negligence and dismiss Count 3 as asserted against them.

**B.    The Claims Of Plaintiffs Clark, Garretson, Burkholder, Nava, O'Hara, Price, And Viens Are Time-Barred.**

In addition to the foregoing reasons, the Court should dismiss with prejudice the claims of Plaintiffs Clark, Garretson, Burkholder, Nava, O'Hara, Price, and Viens against the Director Defendants because they are time-barred on the face of the Complaint.

*1.   The Section 1983 Claim Is Time-Barred.*

The applicable state law statute of limitations governs § 1983 claims. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). In Arkansas, § 1983 claims are subject to a three-year statute of limitations. *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007). Although federal law looks to state law to determine the *length* of the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The Supreme Court has explained that a cause of action under § 1983 accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S.

at 388 (quoting *Bar Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997)).  In other words, the cause of action accrues when "the plaintiff can file suit and obtain relief."  *Id.*  As the Fifth and Eleventh Circuit Courts of Appeals have explained, a § 1983 claim accrues, and the statute of limitations begins to run, when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).  Similarly, in *Collyer v. Darling*, the Sixth Circuit held that, under federal law, a § 1983 claim accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred."  98 F.3d 211, 220 (6th Cir. 1996); *see also Baker v. Bd. of Regent of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (under the federal accrual rule, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue") (internal citations omitted); *Burns v. Town of Lamoine*, 43 F. Supp. 2d 63, 68-69 (D. Me. 1999) (the fact that the plaintiff was unaware that her injury gave rise to a claim for relief is irrelevant; "There is no federal accrual doctrine or 'discovery rule' that tolls the statute of limitations where a plaintiff was aware of his injury, but unaware of a potential legal theory.").

According to the Complaint here, the Plaintiffs were minors when the acts giving rise to their cause of action occurred.  A minor's cause of action is tolled until he or she reaches the age of eighteen (18).  *Wallace*, 549 U.S. at 388; *see also* Ark.

Code Ann. § 9-25-101 (providing that the age of majority in Arkansas is eighteen (18)). As detailed in the Facts section above, Plaintiffs Clark, Garretson, Burkholder, Nava, O'Hara, Price, and Viens filed their § 1983 claim action **at least** 17 years after DHS placed them in foster care with the Garretsons, **at least** 13 years after Charlie's abuse had occurred, and **at least** 9 years after they attained the age of 18 years old.  The allegations in the Complaint confirm that Plaintiffs are now between the ages of 27 and 33 years old.  Because the facts alleged in the Complaint demonstrate that each of the Plaintiffs turned 18 more than three years before they filed suit, the Court should conclude that their § 1983 claim is time-barred.

Apparently recognizing their limitations problem, Plaintiffs allege that they only "began to understand the inappropriate nature of their relations with Charlie" after his arrest and guilty plea in 2016.  Compl. ¶ 62.  Plaintiffs also make the conclusory allegation that, "following Charlie's arrest and guilty plea, Plaintiffs discovered their injuries and the effects of their abuse."  Compl. ¶ 62.  The Court should hold that these conclusory allegations, unsupported by any facts, are not sufficient to toll the statute of limitations in this case to 2016.  The Complaint makes clear that Plaintiffs were well aware of Charlie's sexual abuse when it occurred in the late 1990s and early 2000s.  In fact, Plaintiffs Nava and Burkholder affirmatively allege that the Caseworker Defendants knew about their abuse from 2000 to 2002 and fault them for allegedly failing to report it to the Child Abuse Hotline at that time.  Compl. ¶¶ 37-40, 48-51.  Thus, the *facts* that would support a

cause of action against the Caseworker Defendants were apparent (or should have been apparent) to the Plaintiffs no later than 2002, when they admit the abuse had ceased.

Plaintiffs' group allegation about their alleged collective discovery of their injuries in 2016 is wholly conclusory in nature. The Court should decline to toll the statute of limitation beyond their 21st birthdays and find that their § 1983 claim is time-barred. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Doe v. Doe*, 973 F.2d 237, 240 (4th Cir. 1992) (holding, in a case filed by a 37-year-old woman for sexual abuse she suffered as a minor, which allegedly caused her to have latent psychological problems, that the three-year limitations period began to run when the victim reached the age of 18, not when she discovered the connection between her abuse and her present-day psychological problems).

### 2. The Section 2255 Claim Is Time-Barred.

Plaintiffs' claim under 18 U.S.C. § 2255 is subject to a different limitations period but is also time-barred. By federal statute, § 2255 claims are barred unless the complaint is filed within ten years after the right of action first accrues or, in the case of a person under a legal disability, not later than three years after the disability. *See* 18 U.S.C. § 2255(b). In other words, the cause of action expires after ten years if, at the end of that ten-year period, a plaintiff is over eighteen (18). However, if a plaintiff is still a minor after the ten (10) years have passed, the cause

19

expires when plaintiff turns twenty-one (21). *Doe v. Schneider*, 667 F. Supp. 2d 524, 530 (E.D. Pa. 2009).

A cause of action under § 2255 accrues when the abuse occurs, not when the plaintiff discovers latent psychological or emotional injuries allegedly caused by the abuse. *See id.* at 530 (denying motion to dismiss § 2255 claim when the complaint alleged that "illicit conduct" occurred within the limitations period); *Singleton v. Clash*, 951 F. Supp. 2d 578, 585-87 (S.D.N.Y. 2013) (rejecting argument that the limitations period under § 2255 should be tolled until the plaintiffs allegedly became aware of the connection between their injuries and the defendant's conduct because the "plain text of Section 2255 evidences congressional intent that the discovery rule should not apply"); *Stephens v. Clash*, 796 F.3d 281 (3d Cir. 2015) (holding that action under § 2255 brought 11 years after minor's sexual relationship with an adult began, and more than three years after he turned 18, was untimely despite the plaintiff's allegation that he only recently became aware of latent psychological or emotional injuries).

Here, on Plaintiffs' own allegations detailed above, their rights of action first accrued between 2000 and 2003, which is the time frame they allege that Charlie first started abusing them.  Section 2255(b)'s ten-year limitations period thus expired, at the very latest, in 2013.  And Plaintiffs' allegations confirm that it has been more than three years since they attained the age of 18.  Indeed, these Plaintiffs are now between the ages of 27 and 33 according to their allegations in

their Complaint.  Accordingly, Plaintiffs' claim under § 2255 is time-barred and should be dismissed.

### 3.  The State-Law Tort Claim Is Time-Barred.

The state-law negligence *per se* claim against the Caseworker Defendants is also time-barred.  In Arkansas, a negligence claim must be commenced within three (3) years after the cause of action accrues.  Ark. Code Ann. § 16-56-105.  It has been the law in Arkansas for well over a century that the statute of limitations begins to run, in the absence of concealment of the wrong, when the negligence occurs, and not when it is discovered.  *Stoltz v. Friday*, 325 Ark. 399, 405, 926 S.W.2d 438, 442 (1996).  On Plaintiffs' allegations, any failure to report suspected abuse to the Child Abuse Hotline occurred, if at all, between 1998 (when the Garretsons became foster parents) and 2004 (when DHS revoked the Garretsons' foster care status).  *See* Compl. (Doc. 1) ¶¶ 49, 56.  The time frame of the Caseworker Defendants' alleged involvement is even more limited, from 2000 to 2002.  Compl. ¶¶ 37-41, 48-51.  Because this action was filed more than three years after the alleged negligence occurred, Claim 3 is time barred and should be dismissed.

## III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE-LAW CLAIM.

Finally, this Court should decline to exercise supplemental jurisdiction over the state-law negligence *per se* claim under 28 U.S.C. § 1367(c)(3).  As detailed above and in the Director Defendants' motion to dismiss and brief, which the Caseworker Defendants have joined, all claims over which this Court has original

jurisdiction fail as a matter of law and should be dismissed.  And if the Court dismisses the federal-law claims, then it should decline to exercise supplemental jurisdiction over the state-law negligence *per se* claim under § 1367(c)(3).  *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (affirming district court's decision to decline to exercise supplemental jurisdiction over a pendent state claim after it had dismissed a federal civil rights claim against the state defendants on immunity grounds).

## CONCLUSION

For each and all of the foregoing reasons, the Court should dismiss the Complaint as asserted against the Caseworker Defendants with prejudice.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:   */s/ Jennifer L. Merritt*
Jennifer L. Merritt (Ark. Bar No. 2002148)
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-1319
Fax:      (501) 682-2591
Email:  Jennifer.Merritt@ArkansasAG.gov

*Attorneys for Separate Defendants Geels and McKay*

## **CERTIFICATE OF SERVICE**

I, Jennifer L. Merritt, do hereby certify that on this 6th day of July, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which shall send notification of the filing to any participants.  I also certify that I served a copy upon the following non-CM/ECF participant by U.S. Mail, postage prepaid:

Lisa Garretson
1214 Mays Branch Road
Van Buren, AR 72956

*/s/ Jennifer L. Merritt*
Jennifer L. Merritt