IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RACHEL CLARK, CHRISTOPHER GARRETSON,
AMANDA SHARP BURKHOLDER, NICOLE
HALLER NAVA, BRANDI O'HARA, ASHLEY
FENTON PRICE, AND CHARLA BEAUMONT
VIENS, INDIVIDUALLY AND AS NEXT FRIEND
OF H.B., A MINOR                                                                PLAINTIFFS

v.                            CASE NO. 2:17-CV-2091-TLB

KURT KNICKREHM, RICHARD WEISS,
DEBBIE WILLIAMS, DICK PICKARTS,
NIKKOLE HURST, CAROL GILLIS,
PATSY CHASE, ROBBIE MCKAY, AND
LISA GARRETSON                                                                  DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' REQUEST
FOR ALL DHS FILES REGARDING CLARENCE GARRETSON**

For their brief in support of motion to quash Plaintiffs' request for all files regarding Clarence Garretson, Separate Defendants Kurt Knickrehm, Richard Weiss, Carol Geels (erroneously named as Gillis in the complaint), Roberta "Robbie" McKay, and Debbie Williams ("Separate Defendants"), state the following:

**Introduction**

Plaintiffs brought this lawsuit seeking to hold two former DHS directors, their former DHS caseworkers, and former foster parent Lisa Garretson liable for the sexual abuse they suffered between 1998 and 2004 while in the custody of Lisa and her husband, Clarence "Charlie" Garretson. (DE 1). Plaintiffs sued Separate

Defendants in their official and individual capacities.[1] Separate Defendants filed motions to dismiss Plaintiffs' complaint asserting absolute immunity from suit. (DE 12-13, 16-17, 49-50). Presently, there remain only individual-capacity claims against Separate Defendants.[2] And as maintained during the August 24, 2017, case management hearing and in pleadings (DE 29), any individual-capacity claims asserted against Separate Defendants are barred by qualified immunity. Despite the pendency of dispositive motions on immunity, Plaintiffs seek to obtain from Separate Defendants all files in the possession of the Arkansas Department of Human Services ("DHS") regarding Clarence "Charlie" Garretson. This request includes confidential records related to other former foster children who are not parties to this case. For the reasons set forth below, Plaintiffs are not entitled to discovery of these documents from Separate Defendants.

## Discussion

I. **Separate Defendants are not the custodians of the DHS files and have no authority to produce the files**.

As a preliminary matter, Plaintiffs are seeking from the individual Separate Defendants government records regarding Clarence Garretson. Separate

---

[1] Plaintiffs' original complaint did not state the capacity in which Plaintiffs sued Separate Defendants. The Court held a case management hearing on August 24, 2017, and orally dismissed the official-capacity claims asserted by Plaintiffs. During the hearing and in the Joint Rule 26(f) Report (DE 29), Separate Defendants asserted that even if Plaintiffs properly pled individual-capacity claims against Separate Defendants, those claims would be barred by qualified immunity. The Court granted Plaintiffs' motion for leave to file a new amended complaint to cure the pleading deficiencies in their original and proposed amended complaints by November 3, 2017. (DE 37, 45).

[2] *See supra* n.1.

Defendants cannot be compelled to produce said files because they are not the custodians of the records. Separate Defendants are current or former employees of DHS being sued only as individuals, not in their official capacities as government agents or employees. Separate Defendants are not corporate representatives or agency officials. They have no possession, custody, or control of any responsive records. As such, they are not the proper party from whom Plaintiffs can attempt to seek the records. *See* Fed. R. Civ. P. 34(a)(1) (providing that requests for records must be limited to those "in the responding party's possession, custody, or control").

## II. **Plaintiffs are not entitled to DHS files regarding other foster children under state and federal privacy laws.**

Plaintiffs request this Court to order Separate Defendants to produce *all* DHS files related in any way to Clarence Garretson. In other words, Plaintiffs want the confidential foster care files of other wholly-unrelated DHS foster children of Garretson and records regarding DHS child-maltreatment investigations regarding unrelated foster children. Even if Separate Defendants had custody and control of those records (and they do not), those records are absolutely confidential under state and federal privacy law and cannot be disclosed in this unrelated civil case.

Arkansas law steadfastly maintains the confidentiality of foster care and child maltreatment records. *See* Ark. Code Ann. § 9-28-407(h)(1) ("Reports, correspondence, memoranda, case histories, or other materials, including protected health information, compiled or received by a licensee or a state agency engaged in placing a child, including both foster care and protective services records, shall be confidential and shall not be released or otherwise made available except to the

extent permitted by federal law and only" to designated persons which do not include unrelated plaintiffs in civil litigation); Ark. Code Ann. § 9-28-407(h)(2) ("Foster home and adoptive home records are confidential and shall not be released[.]"); Ark. Code Ann. § 12-18-620 (providing that information on pending child maltreatment investigations "is confidential" and that DHS "shall not release data that would identify a person who made a report under this chapter" in civil litigation); Ark. Code Ann. § 12-18-710 (providing that information on a completed true investigation pending due process "is confidential and may be disclosed only as provided in this chapter," which does not include discovery in an unrelated civil case); Ark. Code Ann. § 12-18-909 (providing that "[t]rue reports of child maltreatment are confidential and may be disclosed only as provided in this chapter," which does not include discovery in an unrelated civil case); Ark. Code Ann. § 12-18-910 (providing similar confidentiality for screened-out and unsubstantiated reports of child maltreatment).

Federal law likewise requires DHS to maintain the confidentiality of records of unrelated former foster children. *See, e.g.*, 5 U.S.C. § 522a(b) (providing that "[n]o agency shall disclose any record . . . to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains[.]"); 42 U.S.C. §§ 621 and 671 *et seq.* (requiring states to provide safeguards to restrict the use and disclosure of information concerning recipients of child welfare services in abuse or neglect cases and concerning individuals receiving foster care and adoption assistance); 42 U.S.C. § 1320d-6(a)

4

(mandating privacy of individually-identifiable health information); 42 U.S.C. § 5104(c)(2) (requiring confidentiality of records relating to case-specific data in national clearinghouse for information relating to child abuse and neglect); 42 U.S.C. § 5106a(b)(2)(B)(ix) (requiring a state receiving child protective services grants to disclose confidential information only to government entities that have a need for the information in order to carry out their responsibilities under the law to protect children from child abuse and neglect).

As shown, the records requested by the Plaintiffs cannot and should not be disclosed in this civil case because such disclosure would violate state and federal privacy and confidentiality laws. Any such disclosure of DHS files on non-party foster children would constitute a significant unwarranted invasion of personal privacy. Separate Defendants—even if they had the control over and authority to produce DHS files, which they do not—cannot legally disclose the confidential files of non-party foster children.

### III. Compelling Separate Defendants to produce the requested DHS files violates their qualified immunity from suit.

Separate Defendants have filed motions to dismiss based on immunity and asserted that they have qualified immunity from suit in their individual-capacities. Those motions are still pending. Accordingly, no discovery should be had pending resolution of the dispositive motions to dismiss. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability," which "is effectively lost if a case is erroneously permitted to" proceed. *Johnson v. Hay*, 931 F.2d 456, 459

(8th Cir. 1991) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original).

> Federal Rule of Civil Procedure 26(c) states:
>
> Protective Orders. Upon motion by a party or by the person from whom discovery is sought... for good cause shown, the court in which the action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had....

Rule 26(c) allows this Court to make a wide variety of orders for the protection of parties in the discovery process.  C. Wright & A. Miller, *Federal Practice and Procedure*, para. 2035 (1970).  Rule 26(c) permits an order to stay discovery when a preliminary issue before the Court may be determinative of the case.  *Id.* at n.85, 88.  This is based on general and well-established principles of "judicial parsimony." *Sinclair Ref. Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 694 (1933) (cited in Wright & Miller at n. 85).

The Eighth Circuit has also found that courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case on its merits are determined, and the exercise of that discretion will not be reversed absent an abuse of discretion that is prejudicial to the appealing party. *See, e.g. Mason v. Brill*, 14 Fed. Appx. 752 (8th Cir. 2001); *Steele v. Weber*, 278 Fed. Appx. 699 (8th Cir. 2008).

Requiring Separate Defendants to make substantive initial disclosures or to respond to any discovery requests prior to the resolution of their motions to dismiss would not only subject Separate Defendants to an undue burden, but also violate

their qualified immunity from suit. Separate Defendants should not be required to participate in discovery unless and until their motions to dismiss are denied and they file an answer. Such a stay in discovery fulfills the goal of judicial economy and falls within the discretionary power granted to the Court. In the event the motions to dismiss are denied, Plaintiffs will have suffered no prejudice, undue hardship, or fundamental unfairness, as they will then have the opportunity to prosecute the present matter by proceeding with discovery, and, potentially, to a trial on the merits (although Plaintiffs still will not be entitled to the DHS files of unrelated foster children).

### IV. Plaintiffs' request for the confidential DHS files of non-party foster children is outside the scope of discovery.

Plaintiffs' request for the DHS files of Garretson's other foster children reaches far beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. This information is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, a fishing expedition, and harassing. *See* Fed. R. Civ. P. 26(b)(1). The DHS files of other foster children have absolutely no bearing on the issues in this case: whether any of the Separate Defendants intentionally deprived each Plaintiff of life, liberty, or property, and whether any Separate Defendant criminally aided and abetted Garretson's alleged abuse. Those files would not be admissible at trial and would not lead to the discovery of admissible evidence *regarding these Plaintiffs*. Plaintiffs will be obtaining their own DHS files (DE 45), and those are the only DHS files that they are entitled to.

## V. Conclusion

For the reasons set forth above, Plaintiffs' request for the DHS files of Garretson's other foster children should be quashed.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: */s/ Jennifer L. Merritt*
Monty V. Baugh (Ark. Bar No. 2008138)
Deputy Attorney General
Jennifer L. Merritt (Ark. Bar No. 2002148)
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1319
Fax:   (501) 682-2591
Email:
Monty.Baugh@ArkansasAG.gov
Jennifer.Merritt@ArkansasAG.gov

*Attorneys for Separate Defendants Knickrehm, Weiss, Geels, McKay, and Williams*

## CERTIFICATE OF SERVICE

I, Jennifer L. Merritt, do hereby certify that on this 25th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which shall send notification of the filing to any participants.

*/s/ Jennifer L. Merritt*
Jennifer L. Merritt
