FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Oct 24, 2017

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

RACHEL CLARK, ET AL                                                                                      PLAINTIFF

V.                          CASE NO. 2:17-CV-2091

KURT KNICKREHM, ET AL                                                          DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO
PARTIALLY QUASH SUBPOENA DUCES TECUM AND/OR FOR A PROTECTIVE
ORDER**

      Comes now the Arkansas Department of Human Services (DHS), a non-party in the above-styled action, by and through the undersigned attorney, and for its Brief in Support of Motion to Partially Quash Subpoena Duces Tecum, submits the following:

**Factual Background**

      On or about October 11, 2017, a subpoena duces tecum was served upon DHS (*sometimes referred to herein as "Department"*) by the Plaintiffs in this lawsuit. The subpoena commands the "custodian of records" to produce certain child maltreatment, child welfare, and foster home records by October 25, 2017 at 10:00 a.m. (**Exhibit 1**). DHS is a division of the Executive Branch of the State of Arkansas and has the responsibility for investigating child maltreatment claims, providing services to families in child welfare cases, and licensing foster homes, as outlined in the Arkansas Child Maltreatment Act, Ark. Code Ann. § 12-18-101 – 1108; the Arkansas Juvenile Code, Ark. Code Ann. § 9-27-301 – 402; and the Child Welfare Agency Licensing Act, Ark. Code Ann. § 9-28-401 – 409. The Department is not a party to this action.

The subpoena, in part, places an undue burden upon the Department and/or it requests the production of irrelevant documents and/or of privileged or other protected matter. Specifically, the Department has agreed to compile and prepare for disclosure "[a]ll documents and electronically stored information, generated, received or maintained in connection with any investigation into claims of abuse by or on behalf of any of the following individuals: Rachel Clark, Christopher Garretson, Amanda Sharp Burkholder, Nicole Haller Nava, Brandi O'Hara, Ashley Fenton Price, Charla Beaumont Veins, and Heaven Beaumont." **(Exhibit 1, #5).** The Department moves to quash all other requests for records in the Plaintiffs' subpoena because the Plaintiffs seek disclosure of protected matter, it is unduly burdensome and/or it seeks information that is not relevant to this action, as more fully set forth below.

## ARGUMENT

A. **Plaintiffs Seek Discovery that is Privileged or Otherwise Protected under State and Federal Law Prohibiting Release of Confidential Records**

Federal Rule of Civil Procedure 45(c)(3)(A) sets forth the grounds upon which the Court must quash a subpoena. It provides, in pertinent part, that a court "shall quash or modify [a] subpoena if it. . . requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R.Civ.P. 45(c)(3)(A)(iii). Accordingly, the Department moves to quash numbers 1, 2, 3, 4, 7 and 8 of Plaintiffs' subpoena duces tecum on the grounds that the records are privileged.

Specifically, the confidentiality of child maltreatment investigation records, child welfare records, and foster home records is protected by both state and federal laws. For instance, the two primary federal laws directing the states on confidentiality of child welfare and child maltreatment investigation records are the Social Security Act (Titles IV-B and IV-E)

(codified at 42 U.S.C. § 621 et seq. and 42 U.S.C. § 671 et seq. respectively) and the Child Abuse Prevention and Treatment Act (CAPTA) (codified at 42 U.S.C. § 5106a et seq.).

As a condition of receipt of federal funds, Title IV-E of the Social Security Act requires that States provide safeguards to restrict the use or disclosure of information concerning individuals receiving Title IV-E foster care and adoption assistance to purposes directly connected with:

> (A) the administration of the plan of the State approved under this part, the plan or program of the state under part A, B, or D of this title or under title I, V, X, XIV, XVI..., XIX, or XX, or the supplemental security income program established by title XVI, (B) any investigation, prosecution, or criminal or civil proceeding, conducted in connection with the administration of any such plan or program, (C) the administration of any other Federal or federally assisted program which provides assistance, in cash or in kind, or services, directly to individuals on the basis of need, (D) any audit or similar activity conducted in connection with the administration of any such plan or program by any governmental agency which is authorized by law to conduct such audit or activity, and (E) reporting and providing information pursuant to paragraph (9) to appropriate authorities with respect to known or suspected child abuse or neglect; and the safeguards so provided shall prohibit disclosure, to any committee or legislative body (other than an agency referred to in clause (D) with respect to an activity referred to in such clause), of any information which identifies by name or address any such applicant or recipient; except that nothing contained herein shall preclude a State from providing standards which restrict disclosures to purposes more limited than those specified herein, or which, in the case of adoptions, prevent disclosure entirely; 42 U.S.C. 671(a)(8).

Additionally, pursuant to 45 C.F.R. § 1355.30, records and information maintained under Titles IV-E and IV-B of the Act are subject to the confidentiality provisions in 45 C.F.R. § 205.50, which restricts the release or use of information concerning individuals receiving assistance under the programs governed by this provision to persons or agencies requiring the information for purposes directly connected with:

> (i)(A) The administration of the plan of the State approved under title IV-A, the plan or program of the State under title IV-B, IV-D, IV-E, or IV-F or under title I, X, XIV, XVI (AABD), XIX, XX, or the Supplemental Security Income (SSI) program established by title XVI. Such purposes include establishing eligibility, determining the amount of assistance, and providing services for applicants and recipients.
>
> (B) Any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such plans or programs.
>
> (C) The administration of any other Federal or federally assisted program which provides assistance, in cash or in kind, or services, directly to individuals on the basis of need.
>
> (D) The verification to the Employment Security Agency, or other certifying agency that an individual has been an AFDC recipient for at least 90 days or is a WIN or WIN Demonstration participant pursuant to Pub. L. 97–34, the Economic Recovery Tax Act of 1981.
>
> (E) Any audit or similar activity, e.g., review of expenditure reports or financial review, conducted in connection with the administration of any such plan or program by any governmental entity which is authorized by law to conduct such audit or activity.
>
> (F) The administration of a State unemployment compensation program.
>
> (G) The reporting to the appropriate agency or official of information on known or suspected instances of physical or mental injury, sexual abuse or exploitation, or negligent treatment or maltreatment of a child receiving aid under circumstances which indicate that the child's health or welfare is threatened.
>
> (ii) The State agency has authority to implement and enforce the provisions for safeguarding information about applicants and recipients:
>
> (iii) Disclosure of any information that identifies by name or address any applicant or recipient to any Federal, State, or local committee or legislative body other than in connection with any activity under paragraph (a)(1)(i)(E) of this section is prohibited.

45 C.F.R. § 205.50(a)(1).

Furthermore, CAPTA requires that the State Plan for child welfare agencies:

> …contain a description of the activities that the State will carry out…to achieve the objectives of [that subchapter of the Act], including – an assurance in the form of a certification by the Governor of the State that the State has in effect and is

enforcing a State law, or has in effect and is operating a statewide program, relating to child abuse and neglect that includes – methods to preserve the confidentiality of all records in order to protect the rights of the child and of the child's parents or guardians... *See* 42 U.S.C. § 5106a

Arkansas has complied with federal requirements through the enactment of the Arkansas Child Maltreatment Act and the Arkansas Child Welfare Agency Licensing Act. The Arkansas Child Welfare Agency Licensing Act permits limited disclosure of records compiled or received by a licensee or state agency engaged in placing a child, including both foster care and protective services records. *See* Ark. Code Ann. § 9-28-407(h)(1). As to the matter pending before this Court, the Child Welfare Agency Licensing Act states that:

> Reports, correspondence, memoranda, case histories, or other materials, including protected health information, compiled or received by a licensee or a state agency engaged in placing a child, including both foster care and protective services records, shall be confidential and shall not be released or otherwise made available except to the extent permitted by federal law and only: 'To the child's parent guardian, or custodian...' [or] 'to the child.'

*See* Ark. Code Ann. § 9-28-407(h)(1)(D) and (E).

The subpoena, in this case, requires production of both foster home records and child welfare and maltreatment investigation records to which the Plaintiffs are not entitled and there are no exceptions and/or waivers applicable concerning the request at hand. **(Exhibit 1, numbers 1, 2, 3, 4, 7, 8.).** In particular, foster home records, like child welfare records, are protected by Titles IV-E and IV-B of the Social Security Act as well as the Arkansas Child Welfare Agency Licensing Act. As cited above, the Social Security Act grants the State the authority to implement and enforce the provisions for safeguarding information about applicants and recipients" of benefits pursuant to that Act. 45 C.F.R. §§ 205.50 and 1355.30 extend the protections of that Act to recipients of services and payments in child welfare cases. These recipients include foster parents, who receive services of the agency in assistance with providing

care to children in the foster care system. Arkansas has implemented these requirements through the Child Welfare Agency Licensing Act. Ark. Code Ann. § 9-28-407(h)(2), which limits the disclosure of foster home information, upon request, to "the foster parents or adoptive parents" upon whom the records were generated or compiled.

Moreover, the Department, through the Arkansas Attorney General's office, has provided to the Plaintiffs all foster care or protective services records which relate to the Plaintiffs as children in foster care. Additionally, to the extent that the subpoena in question requests child maltreatment investigation records concerning those individuals named as Plaintiffs in this matter, the Department has compiled and is preparing to release those documents in which the Plaintiffs are the subjects of the report. With regard to all other child maltreatment investigation records requested, the Department, with good cause, objects to the release of subject records on the grounds that 1) the subpoena in question, requests records of individuals not parties and/or connected to this case; 2) the records are privileged and confidential; 3) the requestors are not the subject of the records; 4) the requestors are neither the child(ren) or parent(s) in question in any remaining foster care, protective services, or child maltreatment investigation records and no waivers or exceptions within Arkansas law apply to the subpoena at issue; 5) the Department has agreed to the disclosure of any records related to the "subject of the report," which include the offender, the victim, the parents, guardians and legal custodians of the victims or minor offenders. *See* Ark. Code Ann. § 12-18-103(24); and, 6) release of these third-party records would require the State to act contrary to the assurances it has provided to the federal government and to the confidentiality provisions outlined in state law.

To the extent that Clarence or Lisa Garretson were foster or adoptive parents approved by the Department, they would be entitled to request copies of their own files, which as Defendants in this matter, would, in turn be subject to discovery issued upon them by the Plaintiffs. However, as the Plaintiffs are not the foster parents or adoptive parents in question, none of the exceptions pertaining to foster home records within Arkansas law apply to the subpoena at issue. The Department of Human Services therefore respectfully submits that the subpoena seeks protected information not subject to disclosure according to the laws and regulations of the State of Arkansas, as it pertains to numbers 1-4, 7, 8 of the subpoena, and therefore said provisions of the subpoena do not conform to Rule 45, Fed. R. Civ. P.

**B.**     **The Subpoena Seeks Information that is Unduly Burdensome and not Relevant**

Next, the Plaintiffs' subpoena request "[a]ll documents and electronically stored information generated, received, or maintained in connection with any investigation into claims of abuse by or on behalf of all other minors living in the home of Clarence Garretson and Lisa Garretson." **(Exhibit 1, #6).** This specific request is so broadly worded as to include any investigation concerning any minor that at any point lived in the home of Clarence or Lisa Garretson who might themselves have been named as a victim or offender in a child maltreatment investigation, regardless of whether that claim or investigation has any connection to Clarence or Lisa Garretson or their home. Pursuant to Fed. R. Civ. P. 45 (d)(3)(A)(iv), the court "…must quash or modify a subpoena that "subjects a person to undue burden."

Here, # 6 of the subpoena (**Exhibit 1**), is clearly overly broad and would place an undue burden upon the Department to produce. For instance, this request as written, would require the Department to provide the entire child maltreatment investigation history of any child that has ever lived in the home of Clarence or Lisa Garretson regardless of its relevance to the

7

matter in question. Accordingly, the Department contends that #6 of the subpoena should be quashed as unduly burdensome. Moreover, this request seeks information beyond what is relevant to any substantive issue pending before this Court and is therefore not relevant to this case. Irrelevance is not contained within Rule 45's list of enumerated reasons for quashing a subpoena. However, it is well-settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. Thus, the Court must examine the relevancy of a subpoena duces tecum under the same standards set forth in Rule 26(b) and applied to Rule 34 requests for production.

**WHEREFORE**, the Arkansas Department of Human Services moves that the subpoena for the release of confidential and privileged information subject to protection under state and federal laws be quashed; that all information that is unduly burdensome be quashed; and that all information that is not relevant to this proceeding be quashed; and, in the event the Court determines that the information requested is necessary for the determination of the issues before the Court and orders release of the records in dispute, the Department respectfully requests that the records be sealed and that the Department be allowed to redact the names and identifying information of any individual victims, family members, and foster parents who are not named as a party in this matter; for a protective order to be put into place, and for all other proper relief to which it may be entitled.

        Respectfully submitted,

        ARKANSAS DEPARTMENT
        OF HUMAN SERVICES
        BY: _____
        Patricia Nation, Deputy Counsel
        Arkansas Bar # 94078
        Office of Chief Counsel
        700 Main Street

Donaghey Plaza North
Post Office box 1437, Slot N250
Little Rock, Arkansas
Phone: 501-682-6003
Email: patricia.nation@dhs.arkansas.gov

**CERTIFICATE OF SERVICE**

I, Patricia Nation, Attorney for the Arkansas Department of Human Services, do hereby certify that I have served a copy of the foregoing Motion to Quash Subpoena and Brief in Support of Motion on the parties named below by placing same in the U.S. Mail with sufficient postage thereon and by electronic transmission on this 23rd day of October, 2017.

W. David Carter
1724 Galleria Oaks Drive
Texarkana, TX  75503
www.texarkanalawyers.com

B Neil Smith
Ben King
Amy Miller
NIX, PATTERSON & ROACH, LLP
1845 Woodall Rogers Freeway, Suite 1050
Dallas, Texas  75201
dneilsmith@me.com
benking@nixlaw.com
amymiller@nixlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

Jennifer L. Merritt
Monty Baugh
**OFFICE OF THE ARKANSAS ATTORNEY GENERAL**
**ATTORNEY FOR DEFENDANTS**
323 Center Street
Suite 200
Little Rock, Arkansas  72201
Jennifer.merritt@arkansas.gov
Monty.baugh@arkansas.gov

_____
Patricia Nation