IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RACHEL CLARK, CHRISTOPHER
WAYNE REICHARD, AMANDA SHARP
BURKHOLDER, NICOLE HALLER
NAVA, BRANDI O'HARA, ASHLEY
FENTON PRICE, CHARLA BEAUMONT
VIENS, INDIVIDUALLY AND AS NEXT
FRIEND OF H.B., A MINOR, and
AMBER LEE REICHARD EMMETT                                           PLAINTIFFS

v.                        CASE NO. 2:17-CV-2091-TLB

DEBBIE WILLIAMS, RAYMOND
PICKARTZ, NIKKOLE HURST, CAROL
GEELS, PATSY CHASE, and ROBERTA
MCKAY                                                               DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' COMPLAINT AND FIRST AMENDED COMPLAINT
BY SEPARATE DEFENDANT PATSY CHASE DIAZ**

Separate Defendant Patsy Chase Diaz respectfully submits this brief in support of her motion to dismiss Plaintiffs' Complaint and First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). This lawsuit as asserted against Chase Diaz should be dismissed for insufficient service of process. Plaintiffs failed to serve her within 90 days of the filing of their original Complaint as required by Fed. R. Civ. P. 4(m), and dismissal is required because Plaintiffs cannot establish good cause or excusable neglect for the delay. The Complaint and Amended Complaint are also barred by qualified immunity and are time-barred. For each of these reasons, the Court should dismiss.

## FACTUAL BACKGROUND

The factual and procedural background of this case is fully explained in the other Defendants' motion-to-dismiss briefs filed in this matter, which Chase Diaz adopts and incorporates by reference pursuant to Fed. R. Civ. P. 10(c).

## DISCUSSION

### A.  The Court should dismiss the Amended Complaint for failure to effect timely service under Fed. R. Civ. P. 12(b)(5).

Plaintiffs filed their Complaint on June 5, 2017. (DE 1). Under Rule 4(m) of the Federal Rules of Civil Procedure, all of the Defendants had to be served within 90 days, by September 3, 2017. According to the return of service on file, Plaintiffs did not serve Ms. Chase Diaz until December 16, 2017. (DE 104). The service on Chase Diaz was untimely because it was far more than 90 days after the Complaint was filed.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must dismiss the action*** without prejudice against that defendant[.]" Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) *requires* a court to extend the time for service for an "appropriate period" in situations where "the plaintiff shows good cause" for failing to serve the defendant within 90 days of filing the complaint. "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Good cause is likely to be found when the plaintiff's

failure to complete service in a timely fashion is (1) a result of the conduct of a third person, typically the process server; (2) the defendant has evaded service of the process or engaged in misleading conduct; (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances; or (4) the plaintiff is proceeding *pro se* or *in forma pauperis*. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.).

If the plaintiff fails to show good cause, then the court *may* in the exercise of its discretion extend the time for service rather than dismiss the case without prejudice. *Kurka*, 628 F.3d at 957. The plaintiff must establish excusable neglect in order to receive a discretionary extension. *Id.* In determining whether neglect is excusable, the court may consider the following factors: (1) the possibility of prejudice to the defendant; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the party's reasonable control; and (4) whether the party acted in good faith. *Id.* at 959. The reason for the delay is generally the key factor in the analysis. *Id.*

As discussed below, Plaintiffs have failed to show either good cause or excusable neglect for their failure to timely serve Chase Diaz. As a result, the Court should dismiss the Complaint and Amended Complaint as asserted against her pursuant to Fed. R. Civ. P. 12(b)(5).

### A. *Plaintiffs have not and cannot show good cause for their failure to timely serve Chase Diaz.*

Here, Defendant Chase Diaz was not served within 90 days after the Complaint was filed as required by Fed. R. Civ. P. 4(m). Indeed, Chase Diaz was not served for more than *twice* the allowed period—more than 180 days—after the Complaint was filed. Plaintiffs have not shown good cause for their noncompliance with Rule 4(m), and so this Court is not required to extend the time for service.

First, there is nothing in the record to suggest that Plaintiffs failed to comply with Rule 4(m) due to the action of a third person.

Second, there is no evidence that Ms. Chase Diaz evaded service of process or engaged in misleading conduct.

Third, and most importantly, Plaintiffs have not shown diligence in attempting to locate Chase Diaz for service. In discussing the service issue during the Case Management Conference held on August 24, 2017, Plaintiffs offered no explanation as to why Chase Diaz and the other unserved defendants had not been served. Plaintiffs instead sought to shift the burden of locating Chase Diaz on the other defendants and obtained a court order requiring DHS, a nonparty, to provide last-known contact information for the unserved defendants. Plaintiffs did not request the issuance of another summons to Chase Diaz until August 31, 2017—a mere three days before their service deadline. (DE 41). And Plaintiffs did not actually serve Chase Diaz for more than three more months after that.

There is nothing in the record to suggest that Plaintiffs did *anything at all* to locate Chase Diaz. They merely continued to attempt service at an old address that

they knew was over a decade old.  *See* Pls.' Mot. to Extend Time to Serve Chase Diaz (DE 106).  Plaintiffs easily could have located Chase Diaz in Bella Vista (where they eventually served her) with a quick Google search.  *See* Internet Search Results (DE 108-1).  But they apparently did nothing of the sort.  Absent a showing of diligence in attempting to locate and serve Chase Diaz, Plaintiffs are not entitled to a service extension under Rule 4(m).

Finally, Plaintiffs are not proceeding *pro se* or *in forma pauperis*.

As shown, *none* of the relevant factors support a mandatory extension of time to serve Chase Diaz.  Because Plaintiffs have not established good cause for failing to meet the service requirements of Fed. R. Civ. P. 4(m), the Court is not required to and should not grant them additional time to perfect service on Chase Diaz.

### B. *Plaintiffs have not and cannot show excusable neglect.*

The Court should not use discretion to extend the time for service on Chase Diaz because Plaintiffs cannot establish excusable neglect.  The first factor, prejudice to the Defendant, weighs against Plaintiffs.  The case has been pending for some time and significant developments have already taken place without Chase Diaz's participation, including the Rule 26(f) Conference, Joint Rule 26(f) Report, Objections to Initial Disclosures, a Case Management Conference and motions hearing, and third-party discovery. In addition, the long delays between service on the various separate Defendants has caused inefficiencies requiring Defendants and their counsel to expend additional time and resources to defend this case.  While

this factor is not dispositive, it certainly tips against Plaintiffs and therefore does not support a discretionary extension.

The second factor, the length of delay and the impact on the proceedings, also weighs against Plaintiffs. It appears from the record that Plaintiffs waited until more than three months after the expiration of the 90-day period before completing service on Chase Diaz. (DE 104). This long delay came after Plaintiffs were ordered by the Court during the August 24, 2017, Case Management Conference to complete timely service. Chase Diaz was not served until December 16, 2017. Because the delay in service has had a stalling impact on the litigation and caused inefficiencies to Defendants' detriment, the Court should find that this factor counsels against an extension.

The most important factor, the reason for the delay and whether it was in Plaintiffs' power to avoid the delay, also weighs decisively against Plaintiffs. Plaintiffs have not provided any explanation for the delay in serving Chase Diaz. The record merely shows that Plaintiffs merely continued to attempt service at one old address they knew from very early in the case was invalid. *See* Aff. of W. David Carter (DE 106-1) at 4. Plaintiffs then inexplicably located an address for Chase Diaz in Bella Vista and perfected service on her in mid-December. *Id.* at 5-6. Plaintiffs have offered no explanation of why they could not have discovered Chase Diaz's correct address sooner so that service could have been completed timely. Indeed, they cannot possibly offer such a reasonable explanation because Chase Diaz could have been located in Bella Vista with a simple, free Google Search.

Plaintiffs thus had the power to avoid this delay but did not exercise the requisite diligence to support a discretionary extension. As a result, this factor strongly weighs against a discretionary extension of time to perfect service.

And finally, because Plaintiffs waited until more than 180 days after filing suit to serve Chase Diaz and request an extension of time to do so, the Court should find that Plaintiffs failed to act in good faith.

Taking all of these factors into account, the Court should conclude that Plaintiffs have not established excusable neglect and decline to extend the time for service on Chase Diaz. *See J & J Sports Prods., Inc. v. Fernado*, No. 5:16-CV-5243-TLB, 2017 WL 776703 (W.D. Ark. Feb. 28, 2017) (dismissing complaint without prejudice for failure to serve defendant within 90 days; plaintiff did not even begin to attempt service until a mere two days before the deadline and offered no explanation for the delay); *Martin v. Brentwood Indus.*, No. 4:16-CV-4041-SOH, 2016 WL 6404087 (W.D. Ark. Oct. 26, 2016) (granting defendant's motion to dismiss for insufficient service of process when there was no good cause or excusable neglect for the delay; plaintiffs did not provide any evidence that service was attempted until more than two weeks after the 90-day period had expired, plaintiffs presumably could have discovered the defendant's address prior to the 90-day service deadline, and the clerk reminded plaintiffs that proofs of service had not been filed before the deadline).

Because Plaintiffs have not and cannot show good cause or excusable neglect for their failure to serve Chase Diaz prior to the expiration of the 90-day service

deadline, the Court must dismiss this lawsuit as asserted against Chase Diaz under Fed. R. Civ. P. 12(b)(5).

      **B.    The Court should dismiss the Complaint and Amended Complaint against Chase Diaz under Rules 12(b)(1) and 12(b)(6).**

Even if Chase Diaz had been properly served with process in this case (and she has not), the Complaint and Amended Complaint as asserted against Chase Diaz also fails for the same reasons that it should be dismissed as asserted against the other Defendants. Plaintiffs have not stated a plausible § 1983 claim against Chase Diaz and, in any event, the adult Plaintiffs' claim is time-barred. Accordingly, Chase Diaz joins, adopts, and incorporates by reference the motions to dismiss and briefs filed by the other Defendants pursuant to Fed. R. Civ. P. 10(c).

## CONCLUSION

For these reasons, along with the reasons fully explained in the other Defendants' motions to dismiss and briefs in support, the Court should dismiss Plaintiffs' Complaint and Amended Complaint as asserted against Chase Diaz with prejudice.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

By:   */s/ Jennifer L. Merritt*
        MONTY V. BAUGH (2008138)
        Deputy Attorney General
        JENNIFER L. MERRITT (2002148)
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone:  (501) 682-1319
        Fax:    (501) 682-2591
        Monty.Baugh@ArkansasAG.gov
        Jennifer.Merritt@ArkansasAG.gov

        *Attorneys for Separate Defendant Patsy Chase Diaz*

## CERTIFICATE OF SERVICE

I, Jennifer L. Merritt, do hereby certify that on this 8th day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which shall send notification of the filing to any participants.

        */s/ Jennifer L. Merritt*
        Jennifer L. Merritt